IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DONALD WEBB                                                                PLAINTIFF

v.                      Civil No. 05-1005

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                            DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Donald Webb, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

Plaintiff was 45 years of age at the time of the administrative hearing and has a twelfth grade education (T. 43, 44, 142). He has past relevant work as a logger, bridge construction laborer and furniture deliverer (T.43, 44, 142). Plaintiff asserts disability due to: degenerative disc disease; herniated discs; bulging discs; bilateral knee pain; osteoarthritis; cluster headaches; hypertension; extremity numbness/parathesis; difficulties with grasping/fine manipulation; edema; and, tinnitus.

The Social Security Administration denied plaintiff's applications initially and upon reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on June 25, 2003 (T. 41-78). The ALJ rendered an

unfavorable decision on October 29, 2003 (T. 19-26). By Order entered August 26, 2004, after considering additional evidence, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 5-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #7 & 8), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall*

AO72A
(Rev. 8/82)

*v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); see *42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. §§ 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. §§ 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C.F.R. §§ 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication;

AO72A
(Rev. 8/82)

and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); see also *Baker v. Sec. of HHS*, 955 F.2d 552, 555 (8th Cir.1992). The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995).* The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984)).* Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, 783 F.2d at 130 (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R.*

AO72A
(Rev. 8/82)

*§§416.945(a).*

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's

-6-

treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987)*. However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon, as exists here, a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's findings and conclusions constitute substantial evidence which must be carefully weighed by the ALJ and the Commissioner. Unless there is medical evidence that contradicts or refutes the physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's diagnosis and conclusion as substantial evidence.[1] *Morse v. Shalala 16 F.3d 865, 872 -873 (8th Cir.1994),* citing *Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978);* see also *Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir.1982)* ("If the ALJ concludes that a treating physician's evidence is credible, therefore, he should give it controlling weight in the absence of evidence to the contrary because of the treating physician's greater familiarity with the plaintiff's conditions and circumstances.")

---

[1] This approach is consistent with Social Security Regulations that grant controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case. *See 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); Nelson v. Sullivan, 966 F.2d 363, 367-68 (8th Cir.1992)* (recognizing that "the new regulation merely codifies this circuit's law regarding the opinions of treating physicians").

AO72A
(Rev. 8/82)

We note, however, that although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole. *Hogan v. Apfel* 239 F.3d 958, 961 (8th Cir.2001). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior, or more thorough medical evidence, or if the treating physician has offered inconsistent opinions. *Id; Rogers v. Chater,*118 F.3d 600, 602 (8th Cir.1997).

In short, the ALJ is not required to believe the opinion of a treating physician when, on balance, the medical evidence convinces him otherwise. *Id.* As but one example, a treating physician's opinion is not entitled to its usual substantial weight when it is, essentially, a vague, conclusory statement. *Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir.1996),* citing *Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir.1991)*. Rather, conclusory opinions, which are rendered by a treating physician, are not entitled to greater weight than any other physician's opinion. *Id.; Metz v. Shalala, 49 F.3d 374, 377 (8th Cir.1995)*.

Additionally, in cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala, 18 F.3d at 622.* In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a

-8-

AO72A
(Rev. 8/82)

reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993).

**Discussion:**

The plaintiff contends that the instant matter should be remanded for the following reasons: the Commissioner erred in her analysis of plaintiff's nonexertional limitations, particularly with respect to his mental status; the Commissioner failed to properly consider the additional evidence submitted to the Appeals Council; and, the Commissioner erred in relying solely upon the Medical-Vocational Guidelines in determining if a significant number of jobs exist which the plaintiff remains capable of performing.

The plaintiff alleges, and the record demonstrates, numerous subjective complaints and nonexertional limitations, including: headaches (T. 232, 59, 111, 114, 120, 242, 282, 288, 291, 292); dizziness (T. 61); fatigue (T. 59); somatization disorder (T. 235, 280); edema (T. 58, 180, 184, 224, 233, 288, 291, 292); tinnitus (T. 58, 117, 277, 278, 282); and, extremity numbness/parathesis (T. 289, 292, 54, 356, 120, 122, 166, 178, 181, 201, 233, 247, 308, 334, 343). Further, the plaintiff states he cannot drive, does not have a car, has no insurance, and no money with which to pay for medications and treatment (T. 51, 52, 65, 66, 67-68, 75, 76, 121, 122, 141, 147, 148, 153, 198, 232, 281, 337, 352, 360). In recent years, he received the majority of his treatment from the University of Arkansas for Medical Sciences (hereinafter "UAMS") (T. 150-153, 287-327, 332-384), at no/low cost. Plaintiff also took primarily over the counter medications due to a lack of financial resources (T. 145, 349). Finally, plaintiff reportedly suffered side effects from certain prescription medications, when such medications

were available to him (T. 111, 120, 237).

The objective medical evidence contains documentation of conditions that could reasonably be expected to produce pain of the level plaintiff claims (T. 64, 192, 328, 343, 352, 355, 356, 245, 355, 280, 290, 338, 166, 235, 241, 244, 252, 270, 277, 282, 288). See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

In fact, with respect to her subjective allegations and nonexertional limitations, the ALJ finds plaintiff's complaints of pain not credible stating, in part:

> The dosage, effectiveness and side effects constitute the next factor for consideration. The record indicated, and the claimant testified, that he has been provided sample medications. The claimant's use of medications does not suggest the presence of an impairment which is more limiting than found in this decision.

(T. 23).

Generally, if a claimant does not follow a prescribed treatment plan without a good reason, he or she will not be found disabled. *20 C.F.R. § 416.930(b) (1984)*. However, the lack of financial resources to pay for her treatment and medication may justify the failure to follow a treatment plan. *Brown v. Heckler 767 F.2d 451, 452 (8th Cir.1985);Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir.1984)*. The ALJ does not adequately evaluate/discuss the plaintiff's assertions as to the lack of money and insurance, in his decision. This constitutes error, particularly in light of the fact that the ALJ discounted the plaintiff's subjective complaints and nonexertional limitations. The record documents an incident wherein the plaintiff was attempting to seek treatment at UAMS, but was without transportation.

Accordingly to the evidence, the treating facility offers transportation to patients at the cost of, at least in plaintiff's instance, $25.00 per trip. Notably, plaintiff missed at least one appointment because he could not afford the fare, and was not allowed to complete the trip to the hospital, thus forcing a rescheduling of the treatment (T. 337-336, 75-76).

Certainly, the failure to follow a prescribed course of treatment may be excused by a plaintiff's lack of funds. *Tome v. Schweiker, 724 F.2d at 714.* Nonetheless, medicine or treatment an indigent person cannot afford is no more a cure for her condition than if it had never been discovered. To a poor person, a medicine that he cannot afford to buy does not exist. *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir.1986); Benson v. Heckler, 780 F.2d 16, 18 (8th Cir.1985); Tome v. Schweiker, 724 F.2d at 714.* Upon remand, the ALJ is directed to fully assess the impact, if any, that plaintiff's lack of finances has on his ability to obtain frequent/aggressive medical treatment. At the very least, the ALJ must indicate his consideration of such factor.

The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir.1991).*

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis and discussion of plaintiff's subjective complaints and nonexertional limitations,

AO72A
(Rev. 8/82)

particularly in light of his well documented asserted financial difficulties.

ENTERED this 23rd day of February, 2006.

        /s/ Bobby E. Shepherd
   HONORABLE BOBBY E. SHEPHERD
   UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)